# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy Lynn Humphreys, *et al.*, | No. CV-17-04045-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Coolidge, *et al.*, | |
| Defendants. | |

At issue is Defendants City of Coolidge, John Thompson, Robert Hudelson, Rick Miller, James Malinski, Phillip Blouir, Mark Tercero, and Jimmy Dale Walker's (collectively, "Defendants") Amended Motion for Extension of Time to Respond to Plaintiffs' Complaint (Mot., Doc. 38) to which Plaintiffs filed a Response (Resp., Doc. 39). Also at issue is Plaintiffs' Motion for a Preliminary Injunction, or, in the Alternative, Motion for a Temporary Restraining Order (Doc. 14).

On December 12, 2017, Defendants filed their initial Motion for Extension of Time (Doc. 36), which the Court denied because Defendants failed to provide a basis for a finding of excusable neglect. (Doc. 37.) The Court, however, gave Defendants leave to refile the Motion. Although Defendants time to respond appears to have expired and Plaintiffs have filed Applications for Default (*see* Docs. 18, 20, 22, 24, 26, 28, 30, 32), the Clerk has not yet entered Default against any Defendant. Therefore, an extension of time to answer the Complaint is warranted if Defendants can demonstrate "excusable neglect." *See ThermoLife Int'l, LLC v. Sechel Holdings, Inc.*, No. CV-14-2291-PHX-

JAT, 2015 WL 1521779, at *4 (D. Ariz. Apr., 3, 2105). In determining whether Defendants' failure constitutes "excusable neglect," the Court must weigh (1) "the danger of prejudice" to the opposing party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay"; and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993).

As Defendants note, the delay in seeking an extension here is relatively minor, as Defendants filed their initial request approximately a week after the Answer was allegedly due. (Mot. at 6.) Further, the Court does not find any risk of prejudice to Plaintiffs. Although Plaintiffs argue that the delay will cause prejudice due to Plaintiffs' imminent, out-of-state move, Plaintiffs' argument is best characterized as one objecting to the loss of a quick victory. (Resp. at 7.) However, the mere loss of "a quick victory is not sufficiently prejudicial to deny relief." *Trueman v. Johnson*, No. CV-09-2179-RCB(DKD), 2011 WL 6721327, at *4 (D. Ariz. Dec. 21, 2011). Finally, the Court finds that the evidence presented supports a finding that Defendants have both acted in good faith and presented a sufficient reason for the delay. Although Defendants' decision to wait until the deadline had passed to seek an extension was misguided, Defendants' evidence demonstrates that Defendants have actively engaged Plaintiffs in moving toward a resolution of the claims at hand. (*See* Mot., Exs. A–F.) The Court encourages Defendants to seek any future extensions well in advance of filing deadlines; however, the Court finds both good cause and excusable neglect in this instance. Accordingly, the Court grants Defendants' Motion for Extension (Doc. 38).

In addition to Defendants' Motion, the Court must address a separate issue *sua sponte* in an effort to efficiently shape the matter moving forward. The Complaint names as Plaintiffs four separate parties: Stacy Humphreys, James Smith, Jugs & Strokers, LLC, and Mama Jugs, LLC. Humphreys and Smith, however, appear *pro* se, and the corporate entities have not retained an attorney. Even if Jugs & Strokers and Mama Jugs (the "Corporate Plaintiffs") are proper parties to the Complaint, neither entity can appear in

this Court *pro se* and may appear and be heard only through licensed counsel. *In re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (noting that unincorporated entities may not appear *pro se*); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (noting that corporations may not appear *pro se*); *see also* 28 U.S.C. § 1654. The Court will give the Corporate Plaintiffs 21 days from the date of this Order to retain licensed counsel in this matter. If the Corporate Plaintiffs fail to retain licensed counsel by that date, then the Court will dismiss their claims from the action.

Accordingly,

IT IS ORDERED granting Defendants' Amended Motion for Extension of Time to Respond to Plaintiffs' Complaint (Doc. 38). Defendants shall have 21 days from the date of this Order to file an Answer or other responsive pleading.

IT IS FURTHER ORDERED that Plaintiffs Jugs & Strokers, LLC, and Mama Jugs, LLC, shall retain counsel within 21 days of this Order. If the Corporate Plaintiffs fail to retain counsel, the Court will dismiss the Corporate Plaintiffs' claims.

IT IS FURTHER ORDERED striking as moot Plaintiffs' Applications for Default (Docs. 18, 20, 22, 24, 26, 28, 30, 32).

IT IS FURTHER ORDERED that Defendants shall file a Response to Plaintiff's Motion for a Preliminary Injunction or in the Alternative Temporary Restraining Order (Doc. 14) by January 19, 2018. Plaintiff shall file any Reply by January 26, 2018.

IT IS FURTHER ORDERED that the Court will set a hearing on Plaintiffs' Motion for Preliminary Injunction (Doc. 14) by separate Order, if necessary, to take place before District Judge John J. Tuchi in Courtroom 505, Sandra Day O'Connor Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003.

IT IS FURTHER ORDERED that the parties shall <u>jointly</u> prepare and file a pre-hearing statement by <u>January 31, 2018</u>, setting forth the following information:

**A.  COUNSEL FOR THE PARTIES**

The parties shall include the mailing addresses, office phone numbers and e-mail addresses of counsel who will appear at the hearing.

1  Plaintiff:

2  Defendant:

3  **B.     STATEMENT OF JURISDICTION**

The parties shall cite the statutory bases for this Court's jurisdiction and state whether jurisdiction is or is not disputed. If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the bases for the objection.

**C.     WITNESSES**

If the parties rely on witness testimony in their briefing, no party shall conduct direct examination of witnesses at the Preliminary Injunction hearing, but rather the Court will rely on declarations and affidavits that have been timely filed prior to the hearing for direct testimony. However, the opposing party may conduct cross-examination of any witness. Accordingly, in the joint pre-hearing statement, each party shall separately list the names of its witnesses, their respective addresses, whether a fact or expert witness, and a brief statement as to the testimony of each witness.

The parties shall adhere to the following provision and include it in this section of the joint pre-hearing statement: "Each party understands that it is responsible for ensuring that the witnesses on whose testimony the party will rely are subpoenaed. Each party further understands that any witness whose testimony is offered to the Court shall be listed on that party's list of witnesses, and that party cannot rely on any witness having been listed or subpoenaed by another party."

The party conducting cross-examination of the opposing party's witnesses at the hearing shall determine which witnesses it calls to cross-examine. Accordingly, in the joint pre-hearing statement, each party shall separately list the opposing party's witnesses it plans to cross-examine and the order in which it will cross-examine them.

**D.     EXHIBITS**

The parties shall file any exhibits with their briefs prior to the hearing. In the joint pre-hearing statement, each party shall list any objections it has to the opposing party's exhibits. For example:

| | |
|---|---|
| 1 | <u>Defendant's Objections</u> |
| 2 | Evidence: City Hospital records of Plaintiff from March 6 to March 22, 2005. |
| 3 | Objections: Defendant objects for lack of foundation because . . . (specify why there is a lack of foundation). |
| 5 | <u>Plaintiff's Objections</u> |

Defendant's Objections

Evidence: City Hospital records of Plaintiff from March 6 to March 22, 2005.

Objections: Defendant objects for lack of foundation because . . . (specify why there is a lack of foundation).

Plaintiff's Objections

Evidence: Payroll records of Plaintiff's employer as evidence of payment of Plaintiff's salary during hospitalization and recovery.

Objections: Plaintiff objects for lack of relevance because . . . (specify why the exhibit is not relevant).

The parties shall adhere to the following provision and include it in this section of the joint pre-hearing statement: "Each party hereby acknowledges that, by signing this joint pre-hearing statement, any objections not specifically raised herein are waived."

### E. ESTIMATED LENGTH OF HEARING

The parties shall provide their estimate of hearing length, in hours. Counsel are advised that the Court expects the hearing to take no more than one day.

### F. PROPOSED BOND AMOUNT

The parties shall each provide a proposed bond amount in the event the Court grants Plaintiff's Motion for Preliminary Injunction.

Dated this 20th day of December, 2017.

Honorable John J. Tuchi
United States District Judge